IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES L. LONG                                                                    PLAINTIFF

V.                                            CIVIL ACTION NO. 5:22-cv-47-DCB-FKB

JOHN DOE, et al.                                                          DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION [5] FOR FEDERAL PROTECTION AND
EMERGENCY ASSISTANCE

BEFORE the Court is Plaintiff's pro se Motion [5] entitled "Motion for Federal

Protection and Emergency Assistance as a Layman."   The Court will liberally construe

Plaintiff's Motion [5] as a Motion for a Preliminary Injunction.   Having fully considered the

Motion [5] and applicable law, the Court finds that Plaintiff's Motion [5] should be denied.

Plaintiff, an inmate of the Mississippi Department of Corrections currently incarcerated at

the Wilkinson County Correctional Facility (WCCF) in Woodville, Mississippi, brings this

conditions-of-confinement Complaint pursuant to 42 U.S.C. § 1983.   Am. Compl. [10] at 1.   In

Plaintiff's Motion [5], he is requesting that he be transferred to another facility.   Pl.'s Mot. [5]

at 1.   Plaintiff apparently is requesting to be transferred to another facility because Plaintiff is

being denied medical care and is being threatened with attempts on his life, which have been

prevented because of the actions by the Emergency Response Team (E.R.T.) and Major Daniels.

*Id.* at 1-3.

In order to receive a preliminary injunction, Plaintiff must demonstrate

(1) a substantial likelihood of success on the merits,
(2) a substantial threat that plaintiff will suffer irreparable injury if the injunction
were not granted,
(3) that their substantial injury outweighed the threatened harm to the party whom
they sought to enjoin, and
(4) that granting the preliminary injunction would not disserve the public interest.

*Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir.

2012) (quotation and citation omitted).   A preliminary injunction "should not be granted unless

the party seeking it has clearly carried the burden of persuasion on all four requirements."   *Id*.

"A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted

routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black

Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting

*Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).   Furthermore,

the granting or denial of a motion for a preliminary injunction rests in the sound discretion of the

trial court.   *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel

Prods., Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir. 1984)).   The primary justification for

applying this remedy is to preserve the Court's ability to render a meaningful decision on the

merits.   *Canal Auth. of State of Fla. v. Callaway,* 489 F.2d 567, 573 (5th Cir. 1974).

The Court has evaluated Plaintiff's request in accordance with the applicable case law

and finds that Plaintiff fails to carry his burden of persuasion as to the required factors for such

relief.   The Court finds that it will be able to render a meaningful decision without granting a

preliminary injunction.   Furthermore, to the extent Plaintiff may be requesting an injunction

directing the Defendants to obey the law, such a request is not permitted and will be denied.

*Beadles v. Johnson*, No. 1:18-CV-318-P, 2018 WL 2439446, at *1 (W.D. La. Apr. 30, 2018)

(holding that "a general injunction that orders a defendant to obey the law is not permitted")

(citing *Sec. & Exch. Comm'n v. Life Partners Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017)

(citations omitted)), *report and recommendation adopted*, No. 1:18-CV-318-P, 2018 WL

2435662, at *1 (W.D. La. May 30, 2018).    Consequently, Plaintiff's Motion [5] for a preliminary injunction will be denied without a hearing.    Accordingly, it is hereby,

ORDERED that Plaintiff's Motion [5] entitled "Motion for Federal Protection and Emergency Assistance as a Layman" is construed as a Motion for a Preliminary Injunction and is **denied**.

SO ORDERED, this the   12th   day of January, 2023.

s/David Bramlette
UNITED STATES DISTRICT JUDGE