IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES L. LONG                                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 5:22-cv-47-DCB-FKB

JOHN DOE, et al.                                                             DEFENDANTS

## ORDER DENYING PLAINTIFF'S MOTION [23] REQUESTING A RESTRAINING ORDER AND FEDERAL PROTECTION

BEFORE the Court is the portion of Plaintiff's pro se Motion [23] requesting a restraining order, including federal protection.    Mot. [23] at 1.    The Court will liberally construe Plaintiff's Motion [23] as a Motion for a Preliminary Injunction.    Having fully considered the Motion [23] and applicable law, the Court finds that Plaintiff's Motion [23] requesting a restraining order, including federal protection, should be denied.

Plaintiff, an inmate of the Mississippi Department of Corrections currently incarcerated at the East Mississippi Correctional Facility (EMCF) in Meridian, Mississippi, brings this conditions-of-confinement Complaint pursuant to 42 U.S.C. § 1983.    Am. Compl. [10] at 1. Plaintiff's request for a restraining order is based on his claim that his life is in danger.    Mot. [23] at 1.

In order to receive a preliminary injunction, Plaintiff must demonstrate

(1) a substantial likelihood of success on the merits,
(2) a substantial threat that plaintiff will suffer irreparable injury if the injunction were not granted,
(3) that their substantial injury outweighed the threatened harm to the party whom they sought to enjoin, and
(4) that granting the preliminary injunction would not disserve the public interest.

*Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted).    A preliminary injunction "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements."    *Id*.

"A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).   Furthermore, the granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court.   *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir. 1984)).   The primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits.   *Canal Auth. of State of Fla. v. Callaway,* 489 F.2d 567, 573 (5th Cir. 1974).

The Court has evaluated Plaintiff's request in accordance with the applicable case law and finds that Plaintiff fails to carry his burden of persuasion as to the required factors for such relief.   The Court finds that it will be able to render a meaningful decision without granting a preliminary injunction.   Consequently, Plaintiff's Motion [23] request for a preliminary injunction will be denied without a hearing.   Accordingly, it is hereby,

ORDERED that Plaintiff's Motion [23] requesting a restraining order, including federal protection, is construed as a Motion for a Preliminary Injunction and is **denied**.

SO ORDERED, this the   27th   day of July, 2023.

s/David Bramlette
UNITED STATES DISTRICT JUDGE