IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES L. LONG                                                                                           PLAINTIFF

V.                                                              CIVIL ACTION NO. 5:22-cv-47-DCB-ASH

JOHN DOE, et al.                                                                                   DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION TO MOVE [44]
AND MOTION FOR EMERGENCY ASSISTANCE [49]

BEFORE the Court are pro se Plaintiff's Motions entitled "Motion to Move: Present Case" [44] and "Motion for Emergency Assistance" [49]. The Court liberally construes Plaintiff's Motions [44, 49] as Motions for Preliminary Injunction.[1] Having fully considered the Motions [44, 49] and applicable law, the Court finds that Plaintiff's Motions [44, 49] should be denied.

Here, Plaintiff's discernible requests in his Motions [44, 49] are that the Court direct an investigation of "this facility," that the Court direct the transfer of Plaintiff to Central Mississippi Correctional Facility, and that the Court direct the Defendants to stop retaliating against him.

---

[1] The filings of a pro se litigant "are entitled to the benefit of liberal construction." *Hernandez v. Thaler*, 630 F. 3d 420, 426 (5th Cir. 2011) (citations omitted). "It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature" of the filing. *Id*. at 426–27; *see also Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) (agreeing with the district court construing a motion to amend a complaint as a motion for leave to intervene in a legal malpractice suit that was removed to federal court); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the court to grant, should be determined by substance, not a label' ") (quoting *Bros. Inc. v. W. E. Grace Mfg. Co*., 320 F.2d 594, 606 (5th Cir. 1963)).

In order to receive a preliminary injunction, Plaintiff must demonstrate four familiar requirements:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction does not issue; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction is in the public interest.

*Denton v. City of El Paso, Texas,* 861 F. App'x 836, 838 (5th Cir. 2021) (quoting *Moore v. Brown*, 868 F.3d 398, 402–03 (5th Cir. 2017)). A preliminary injunction "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted).

"A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). Furthermore, the granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir. 1984)). The primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits. *Canal Auth. of State of Fla. v. Callaway,* 489 F.2d 567, 573 (5th Cir. 1974).

The Court has evaluated Plaintiff's request in accordance with the applicable case law and finds that Plaintiff fails to carry his burden of persuasion as to the required factors for such relief. The Court finds that it will be able to render a meaningful decision without granting a preliminary injunction.

Furthermore, Plaintiff's request for an injunction directing the Defendants to obey the law and not retaliate against him, such a request is not permitted and will be denied.  *Beadles v. Johnson*, No. 1:18-CV-318-P, 2018 WL 2439446, at *1 (W.D. La. Apr. 30, 2018) (holding that "a general injunction that orders a defendant to obey the law is not permitted") (citing *Sec. & Exch. Comm'n v. Life Partners Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017) (citations omitted)), *report and recommendation adopted*, No. 1:18-CV-318-P, 2018 WL 2435662, at *1 (W.D. La. May 30, 2018).  Consequently, Plaintiff's Motions [44, 49] for preliminary injunction will be denied without a hearing.  Accordingly, it is hereby,

ORDERED that Plaintiff's Motion entitled "Motion to Move: Present Case" [44] and "Motion for Emergency Assistance" [49] are construed as Motions for Preliminary Injunction and are denied.

SO ORDERED, this the  17th  day of April, 2024.

                                                s/David Bramlette
                                                UNITED STATES DISTRICT JUDGE