IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES L. LONG                                                                                                    PLAINTIFF

VERSUS                                                     CIVIL ACTION NO.   5:22-cv-47-DCB-ASH

JOHN DOE, et al.                                                                                              DEFENDANTS

<u>ORDER DENYING PLANTIFF'S MOTION FOR RESTRAINING ORDER [48]</u>

BEFORE the Court is pro se Plaintiff's Motion [48] entitled "Motion for Restraining Order on M.D.O.C./E.M.C.F./W.C.C.F."   Having fully considered the Motion [48] and applicable law, the Court finds that Plaintiff's Motion [48] should be denied.

Plaintiff, an inmate of the Mississippi Department of Corrections and currently incarcerated at the East Mississippi Correctional Facility in Meridian, Mississippi, brings this conditions of confinement Complaint under 42 U.S.C. § 1983 against numerous prison officials. In Plaintiff's Motion [48], he requests a transfer.

Plaintiff's Motion [48] for a restraining order requests relief that extends beyond fourteen days and as such, "has the same practical effect as a preliminary injunction and may be treated as a preliminary injunction." *See Jones v. Belhaven College*, 98 F.3d App'x 283, 284 (5th Cir. 2004) (citing *Sampson v. Murray*, 415 U.S. 61, 86–88 (1974)).   In order to receive a preliminary injunction, Plaintiff must demonstrate four familiar requirements:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction does not issue; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction is in the public interest.

*Denton v. City of El Paso, Texas,* 861 F. App'x 836, 838 (5th Cir. 2021) (quoting *Moore v. Brown*, 868 F.3d 398, 402–03 (5th Cir. 2017)).   A preliminary injunction "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four

requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted). Furthermore, the granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir. 1984)). The primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits. *Canal Auth. of State of Fla. v. Callaway,* 489 F.2d 567, 573 (5th Cir. 1974).

Plaintiff does not assert specific allegations to support his Motion [48]. His claims are conclusory. "Mere speculation or conclusory allegations of an irreparable injury is insufficient." *Bias v. TDCJ-CID,* No. 6:21CV291, 2023 WL 2254626, at *1 (E.D. Tex. Jan. 26, 2023) (citing *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *Lakedreams*, 932 F.2d at 1107 (irreparable harm allegations based on conclusory allegations does not entitle a movant to injunctive relief); *Coleman v. Bank of New York Mellon*, No. 3:12-CV-4783-M-BH, 2013 WL 1187158, at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, No. 6:09CV348, 2010 WL 457145, at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.")), *report and recommendation adopted*, No. 6:21CV291, 2023 WL 2245122, at *1 (E.D. Tex. Feb. 24, 2023).

The Court has evaluated Plaintiff's request in accordance with the applicable case law and finds that Plaintiff has failed to carry his burden of persuasion as to the required factors for

such relief.  *See Ridgely v. Fed. Emergency Mgmt. Agency,* 512 F.3d 727, 734–35 (5th Cir. 2008).   Plaintiff's conclusory allegations do not establish that he is entitled to the extraordinary relief of a temporary restraining order or preliminary injunction.   Therefore, Plaintiff's Motion [48] will be denied without a hearing.   Accordingly, it is hereby,

ORDERED that Plaintiff's Motion for a Restraining Order [48] is denied.

SO ORDERED, this the   17th   day of April, 2024.

                                                  s/David Bramlette
                                                  UNITED STATES DISTRICT JUDGE