IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES L. LONG                                                                                       PLAINTIFF

V.                                                           CIVIL ACTION NO. 5:22-cv-47-DCB-ASH

JOHN DOE, et al.                                                                              DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
EAST MISSISSIPPI CORRECTIONAL FACILITY [50]

BEFORE the Court is pro se Plaintiff's Motion entitled "Motion to Compel East Mississippi Correctional Facility" [50] as well as an attached "Motion to Amend Complaint." The Court liberally construes Plaintiff's Motion to Compel [50] as a Motion for Preliminary Injunction.[1] Having fully considered the Motion to Compel [50] at page 1 as well as the attached Motion to Amend [50] at pages 1-2 and applicable law, the Court finds that Plaintiff's Motion to Compel [50] and Motion to Amend [50] should be denied.

Plaintiff's Motion to Compel/Preliminary Injunction requests that the Court direct East Mississippi Correctional Facility (EMCF) to transfer him to Central Mississippi Correctional Facility (CMCF); direct EMCF to "provide [a] list of full names of all Staff/Security/Medical

---

[1] The filings of a pro se litigant "are entitled to the benefit of liberal construction." *Hernandez v. Thaler*, 630 F. 3d 420, 426 (5th Cir. 2011) (citations omitted). "It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature" of the filing. *Id*. at 426–27; *see also Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) (agreeing with the district court construing a motion to amend a complaint as a motion for leave to intervene in a legal malpractice suit that was removed to federal court); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the court to grant, should be determined by substance, not a label' ") (quoting *Bros. Inc. v. W. E. Grace Mfg. Co*., 320 F.2d 594, 606 (5th Cir. 1963)).

and Wardens," and direct EMCF "to end retaliation" and "be fed by officer until transfer." Mot. [50] at 1.

In order to receive a preliminary injunction, Plaintiff must demonstrate four familiar requirements:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction does not issue; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction is in the public interest.

*Denton v. City of El Paso, Texas,* 861 F. App'x 836, 838 (5th Cir. 2021) (quoting *Moore v. Brown*, 868 F.3d 398, 402–03 (5th Cir. 2017)). A preliminary injunction "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted).

"A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). Furthermore, the granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir. 1984)). The primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits. *Canal Auth. of State of Fla. v. Callaway,* 489 F.2d 567, 573 (5th Cir. 1974).

The Court has evaluated Plaintiff's request in accordance with the applicable case law and finds that Plaintiff fails to carry his burden of persuasion as to the required factors for such relief. Plaintiff does not assert specific allegations to support his Motion to Compel/ Preliminary Injunction [50]. His claims are conclusory. "Mere speculation or conclusory allegations of an irreparable injury is insufficient." *Bias v. TDCJ-CID,* No. 6:21CV291, 2023 WL 2254626, at *1 (E.D. Tex. Jan. 26, 2023) (citing *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *Lakedreams*, 932 F.2d at 1107 (irreparable harm allegations based on conclusory allegations does not entitle a movant to injunctive relief); *Coleman v. Bank of New York Mellon*, No. 3:12-CV-4783-M-BH, 2013 WL 1187158, at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, No. 6:09CV348, 2010 WL 457145, at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.")), *report and recommendation adopted*, No. 6:21CV291, 2023 WL 2245122, at *1 (E.D. Tex. Feb. 24, 2023).

Furthermore, Plaintiff's request for an injunction directing the Defendants to obey the law and not retaliate against him, such a request is not permitted and will be denied. *Beadles v. Johnson*, No. 1:18-CV-318-P, 2018 WL 2439446, at *1 (W.D. La. Apr. 30, 2018) (holding that "a general injunction that orders a defendant to obey the law is not permitted") (citing *Sec. & Exch. Comm'n v. Life Partners Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017) (citations omitted)), *report and recommendation adopted*, No. 1:18-CV-318-P, 2018 WL 2435662, at *1

3

(W.D. La. May 30, 2018).  Consequently, Plaintiff's Motion [50] for preliminary injunction will be denied without a hearing.

Plaintiff's Motion to Amend are claims relating to his conditions at East Mississippi Correctional Facility (EMCF) and arise out of a separate incident from his claims presented in his Complaint.  Mot. [50] at 2-3.  Therefore, Plaintiff's request to add the EMCF claims is denied.  *See Branum v. Johnson*, 265 F. App'x 349, 350 (5th Cir. 2008) (affirming the district court's decision to dismiss Plaintiff's claims that "were not related to the same incident and did not involve common questions of fact or law").  Accordingly, it is hereby,

ORDERED that Plaintiff's Motion to Compel East Mississippi Correctional Facility [50] is construed as a Motion for Preliminary Injunction and is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend [50] to add claims relating to his conditions of confinement at East Mississippi Correctional Facility is denied.  Plaintiff may file a separate § 1983 civil action concerning his claims while housed at East Mississippi Correctional Facility.

SO ORDERED, this the   23rd   day of April, 2024.

                                        s/David Bramlette
                                        UNITED STATES DISTRICT JUDGE