IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES L. LONG                                                                  PLAINTIFF

V.                                                    CIVIL ACTION NO. 5:22-cv-47-DCB-ASH

JOHN DOE, et al.                                                          DEFENDANTS

<u>ORDER</u>

BEFORE the Court is pro se Plaintiff's Motion entitled "1. Motion to Order EMCF to Stop Retaliation[,] 2. And Possibly Transfer to CMCF[;] [and] (3) Motion to Amend" [53]. The Court liberally construes Plaintiff's Motion requesting that East Mississippi Correctional Facility (EMCF) be ordered to stop retaliation and transfer him to CMCF as a Motion for Preliminary Injunction.[1]   Having fully considered the Motion [53] and applicable law, the Court finds that Plaintiff's Motion for a Preliminary Injunction [53] and Motion to Amend [53] should be denied.

In order to receive a preliminary injunction, Plaintiff must demonstrate four familiar requirements:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction does not issue; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction is in the public interest.

---

[1] The filings of a pro se litigant "are entitled to the benefit of liberal construction." *Hernandez v. Thaler*, 630 F. 3d 420, 426 (5th Cir. 2011) (citations omitted).   "It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature" of the filing.   *Id*. at 426–27; *see also Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) (agreeing with the district court construing a motion to amend a complaint as a motion for leave to intervene in a legal malpractice suit that was removed to federal court); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the court to grant, should be determined by substance, not a label' ") (quoting *Bros. Inc. v. W. E. Grace Mfg. Co*., 320 F.2d 594, 606 (5th Cir. 1963)).

*Denton v. City of El Paso, Texas,* 861 F. App'x 836, 838 (5th Cir. 2021) (quoting *Moore v. Brown*,

868 F.3d 398, 402–03 (5th Cir. 2017)).   A preliminary injunction "should not be granted unless

the party seeking it has clearly carried the burden of persuasion on all four requirements."

*Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012)

(quotation and citation omitted).

"A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted

routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black*

*Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting

*Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).   Furthermore,

the granting or denial of a motion for a preliminary injunction rests in the sound discretion of the

trial court.   *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel*

*Prods., Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir. 1984)).   The primary justification for

applying this remedy is to preserve the Court's ability to render a meaningful decision on the

merits.   *Canal Auth. of State of Fla. v. Callaway,* 489 F.2d 567, 573 (5th Cir. 1974).

The Court has evaluated Plaintiff's request in accordance with the applicable case law

and finds that Plaintiff fails to carry his burden of persuasion as to the required factors for such

relief.   The Court finds that it will be able to render a meaningful decision without granting a

preliminary injunction.

Furthermore, Plaintiff's request for an injunction directing the Defendants to obey the

law and not retaliate against him, such a request is not permitted and will be denied.   *Beadles v.*

*Johnson*, No. 1:18-CV-318-P, 2018 WL 2439446, at *1 (W.D. La. Apr. 30, 2018) (holding that

"a general injunction that orders a defendant to obey the law is not permitted") (citing *Sec. & Exch. Comm'n v. Life Partners Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017) (citations omitted)), *report and recommendation adopted*, No. 1:18-CV-318-P, 2018 WL 2435662, at *1 (W.D. La. May 30, 2018).   Consequently, Plaintiff's Motion [53] for preliminary injunction will be denied without a hearing.

Plaintiff's Motion to Amend [53] to add claims relating to his conditions at East Mississippi Correctional Facility (EMCF) arise out of separate incidents from his claims presented in his Complaint.   Therefore, Plaintiff's request to amend his Complaint to add claims relating to the conditions-of-confinement at EMCF are denied.   *See Branum v. Johnson*, 265 F. App'x 349, 350 (5th Cir. 2008) (affirming the district court's decision to dismiss Plaintiff's claims that "were not related to the same incident and did not involve common questions of fact or law").   Accordingly, it is hereby,

ORDERED that Plaintiff's Motion [53] is construed in part as a Motion for Preliminary Injunction and is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend [53] to add claims relating to his conditions-of-confinement at East Mississippi Correctional Facility is denied.   Plaintiff may file a separate § 1983 civil action concerning his claims or incidents that have occurred while he has been housed at East Mississippi Correctional Facility.

SO ORDERED, this the 23rd day of April, 2024.

s/David Bramlette
UNITED STATES DISTRICT JUDGE